**In re Earl C. ALLEN and Eva Mae Allen, Debtors.**

**Bankruptcy No. 7–84–00165 MR.**

United States Bankruptcy Court, D. New Mexico.

Oct. 27, 1986.

524

James L. Nye, Albuquerque, N.M., for debtors.

Robert Waldman, Roswell, N.M., Trustee.

Jan E. Mitchell, Asst. U.S. Atty., Albuquerque, N.M., for I.R.S.

### MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on the trustee's objection to debtors' filing of a claim on behalf of the Internal Revenue Service (IRS). The issue at bar is whether the debtors' filing of such a claim was timely under § 501 of the Bankruptcy Code and Bankruptcy Rule 3004.

Debtors filed their chapter 7 bankruptcy petition on February 13, 1984. At the time notice was sent to creditors regarding the initial § 341(a) meeting of creditors, the case was considered to be a no-asset case. As such, creditors were informed that it was unnecessary to file a claim in order to share in distribution of the estate but that if it later appeared that there were assets from which a dividend could be paid, creditors would be notified and given an opportunity to file their claims.

On May 7, 1985, the chapter 7 trustee notified the Clerk of the Bankruptcy Court that the instant case would be an asset case. Consequently, an order and notice of a possible dividend was sent to all creditors, including the IRS, on May 17, 1985, allowing creditors 90 days from that date to file a proof of claim. Thus, creditors had until August 15, 1985, to file their claims.

At no time during the course of this bankruptcy proceeding, either before or after the August 15 deadline, did IRS file a proof of claim. Debtors learned of this omission upon receipt of the trustee's notice of final hearing and distribution in October 1985. Pursuant to § 501(c) of the Code, on October 23, 1985, debtors filed a proof of claim on behalf of the IRS in the amount of $6,998.09. On November 12, 1985, the trustee objected to the claim as being untimely.

Debtors maintain that their filing of a claim on behalf of IRS was timely even though filed more than fifteen months after the time permitted IRS to file a claim on its own behalf. As grounds for the assertion that their filing was timely, debtors state that their filing did not delay in the administration of this case or prejudice other creditors and that their conduct has been diligent and in good faith.

It should be noted that debtors erroneously state that their claim was filed more than fifteen months after the deadline for IRS to file its own claim. Apparently, debtors measured their filing from 90 days after the first creditor's meeting rather than from the August 15 deadline for filing proofs of claims. However, measuring by the latter date, debtors' claim was filed just

over two months after IRS's deadline and was not fifteen months late.

## TIMING OF § 501(c) CLAIMS BY DEBTOR

Section 501(c) of the Bankruptcy Code allows a debtor to file a proof of claim on behalf of a creditor who fails to file its own claim in a timely manner. Under Bankruptcy Rule 3004 governing the filing of these claims by the debtor, no indication is given as to what constitutes a timely filing by a debtor on behalf of a creditor. Rule 3004 merely states that "[i]f a creditor fails to file a proof of claim on or before the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, the debtor ... may do so in the name of the creditor." Thus, although Rule 3004 provides an inside time for a debtor to file a claim, it does not set forth an outside time limit for the filing of such a claim.

Courts considering this timeliness issue generally have elected one of two positions. The position taken by the Court in *In re Schneider*, 51 B.R. 196, 197 (Bankr.D.Colo. 1984), is that a debtor may file on behalf of a creditor at any time after the first date set for the § 341(a) meeting of creditors, but may not file beyond the time provided for creditors to file claims under Bankruptcy Rule 3002. In taking such a position the Court interpreted "timely", as used in § 501(c) of the Code, to mean "that period of time up to the first date set for the § 341(a) meeting of creditors as set forth in B.R.P. 3004." *Id.* at 197. *See also In re Thurston*, 52 B.R. 71 (D.Colo.1983) (the Court noted that the change from old Rule 302(e) allowing creditors six months after the creditors meeting to file a claim to new Rule 3002(c) allowing only 90 days to file a claim indicates that the "official inclination of the promulgators of the Rules is toward tightening the period for filing claims, not liberalizing it.")

Still other courts have taken the position that a debtor should be allowed to file a claim on behalf of a creditor within a reasonable time after the deadline set for creditors to file claims on their own behalf as long as such filing does not prejudice other creditors or delay the administration of the case. *In re Solari*, 62 B.R. 31, Bankr. L.Rep. (CCH) ¶ 71, 402 (9th Cir. BAP 1986); *In re Gingery*, 48 B.R. 1000 (Bankr.D.Colo. 1985); *In re Starkey*, 49 B.R. 984 (Bankr. D.Colo.1984); *In re D.A. Behrens Enterprises, Inc.*, 33 B.R. 751 (Bankr.M.D.Pa. 1983); *In re Higgins*, 29 B.R. 196 (Bankr. N.D.Iowa 1983). In so holding, the courts adopting this position refer to Congressional intent as reflected in the legislative history. *Starkey*, 49 B.R. at 988; *Higgins*, 29 B.R. 196.

> In liquidation and individual repayment plan cases, the trustee or the debtor may file a proof of claim if the creditor does not timely file. The purpose of this subsection is mainly to protect the debtor if the creditor's claim is nondischargeable. If the creditor does not file, there would be no distribution on the claim, and the debtor would have a greater debt to repay after the case is closed than if the claim were paid in part or in full in the case or under the plan.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 352 (1977); S.Rep. No. 989, 95th Cong., 2nd Sess. 61 (1978), U.S.Code Cong. & Admin. News 1978, p. 5787, 5847, 6307–08. As noted in *Behrens*, where the unfiled claim is non-dischargeable, and "no payments are made from the bankruptcy estate, the debtors will remain liable to the [creditor] in the full amount of its ... claim. By allowing the debtors to file a proof of claim on behalf of the [creditor], a portion of that claim will be paid as part of the pro rata distribution to creditors." *Behrens*, 33 B.R. at 752–753.

■ This Court is persuaded that the second view provides the most logical interpretation of § 501(c). It would be illogical to require the debtor to file a claim on behalf of a creditor within the same time period allowed the creditor, particularly in light of the Congressional intent upon which § 501(c) is based. "Logic says that a trustee or debtor does not know if a creditor has not filed timely until the expiration of the time." *Solari*, 62 B.R. at 32. As stated by the *Starkey* court, "[t]o hold otherwise would require debtors to speculate as to whether a creditor would file a claim by the bar date." *Starkey*, 49 B.R.

at 988. Thus, the applicable standard in the present matter is that a claim filed by a debtor pursuant to § 501(c) is timely if filed within a reasonable time after the creditor's deadline for filing a claim without causing prejudice to the other creditors and unduly delaying the administration of the case.

Having defined the standard, a factual issue remains as to whether debtors filed their claim on behalf of the IRS within a reasonable time without causing undue delay in the administration of the case or prejudice to the other creditors. Other courts considering this timeliness question have been confronted with varying delays in a debtor's filing of a claim on behalf of a creditor. *E.g., Starkey,* 49 B.R. 984 (a 9½ month delay was not reasonable); *Gingery,* 48 B.R. 1000 (a 5½ month delay was reasonable where the creditor on whose behalf debtor filed was the only allowable unsecured creditor); *Behrens,* 33 B.R. 751 (a 6 month delay was reasonable where there was "no showing . . . that any undue prejudice to the creditors has resulted or that a diminution in the estate has occurred other than the fact that the IRS will receive a portion of the distribution."); *Higgins,* 29 B.R. 196 (a 15 day delay was reasonable).

In the present case, the deadline for filing a proof of claim was August 15, 1985. It was not until their receipt of the Trustee's Final Report and Accounting in early October that debtors learned of the omission of IRS in filing a proof of claim. Debtors' claim on behalf of IRS was filed on October 23, 1985, approximately 2½ months after the deadline for creditors to file their own proofs of claim.

Although filed after the deadline for creditors, there has been no showing that debtors' filing on behalf of IRS has prejudiced other creditors or has caused undue delay in the administration for this case. In ascertaining prejudice to other creditors, it is immaterial that creditors will receive less upon distribution than they would have received in the absence of the IRS claim since "the debtor's intervention on behalf of a creditor was contemplated by Congress." *Behrens,* 33 B.R. at 753. Although the Trustee's Final Report and Ac-

counting was filed even before the August 15 deadline for creditors to file claims, the hearing on this matter as well as on some fee applications was not held until May 15, 1986. Further, all creditors had notice of the claim of IRS, albeit not the amount of the claim, as debtors listed the 1983 IRS tax claim on Schedule A–1—Creditors Having Priority.

Based on the above, this Court finds that debtors' claim on behalf of IRS was timely filed and will be allowed. It should be noted that, absent special circumstances, the debtors in this case filed the IRS claim at the outside limits of what this Court considers reasonable under § 501(c). It is incumbent on a debtor to ensure that all known creditors with potentially non-dischargeable claims have filed their proofs of claim by the deadline set for such filing. Debtors cannot merely sit back and wait for the Trustee or some other entity to inform them of such an omission and then expect the court to permit them to file under § 501(c).

This memorandum constitutes the Court's findings of fact and conclusions of law. Bankruptcy Rule 7052.

An appropriate order shall enter.