**In re D.A. BEHRENS ENTERPRISES, INC., Debtor.**

**No. 1–80–00408.**

United States Bankruptcy Court, M.D. Pennsylvania.

Oct. 17, 1983.

As Corrected Oct. 24, 1983.

Gary E. French, Keefer, Wood, Allen & Rahal, Harrisburg, Pa., for petitioning creditors.

Charles J. DeHart, III, Harrisburg, Pa., Trustee.

Charles J. DeHart, III, Harrisburg, Pa., for trustee.

## MEMORANDUM

ROBERT J. WOODSIDE, Bankruptcy Judge.

On February 26, 1980, the debtor filed a petition pursuant to Chapter 7 of the Bankruptcy Code. On June 15, 1981, creditors and other parties in interest were given notice to file their claims by August 15, 1981. The Internal Revenue Service (IRS), an agency of the United States of America, failed to file timely its proof of claim. After the August 15, 1981 deadline, the debtor filed a proof of claim on behalf of the IRS on February 26, 1982. The Trustee and several creditors have objected to the debtors having filed a proof of claim so that part of its nondischargeable indebtedness to the IRS will be paid from the disbursement of its bankrupt estate. On August 20, 1982, we provided the parties in interest notice of a hearing. In lieu of the hearing, the parties requested that we decide the objections on the basis of their memoranda.

■ The objections pertain to whether the debtor may file a proof of claim on behalf of a creditor who has failed to file timely, and if so, when the debtor may do so. The filing of a proof of claim or interest is governed by section 501 of the Bankruptcy Code. Subsection 501(c) provides as follows: "If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim." 11 U.S.C. § 501(c) (1978). We think that the logical meaning of that language is clear. After a creditor fails to file a timely proof of claim, the debtor may file on behalf of a tardy creditor.

1. Rule 302(e)(4): If notice of no dividend was given to creditors pursuant to Rule 203(b), and subsequently the payment of a dividend appears possible, the court shall notify the creditors of that fact and shall grant them a reasonable fixed time for filing their claims of not less than sixty (60) days after the mailing of the notice or six (6) months after the first date set for the first meeting of creditors, whichever is the later.

■ We reject as illogical the argument that the debtor must file within the same time allotted to a creditor who has allowed the time to expire and hence failed to file timely. A Third Circuit case has been cited as authority requiring that a proof of claim must be filed within six (6) months after the first meeting of creditors in accordance with Bankruptcy Rule 302. *In re Pigott,* 684 F.2d 239 (3rd Cir.1982). Although the IRS in *Pigott* also failed to file timely proofs of claim as required by Bankruptcy Rule 302(e)(4),[1] this case is factually distinguishable from the *Pigott* case. Here, the debtor filed a proof of claim on behalf of the IRS rather than the IRS attempting an untimely filing. We think that the debtor's filing of a proof of claim on behalf of the IRS was a proper procedure within the ambit of section 501(c) of the Bankruptcy Code.

The congressional intent behind allowing the debtor to file proofs of claim under subsection 501(c) is clear:

The purpose of this subsection is mainly to protect the debtor if the creditor's claim is nondischargeable. If the creditor does not file, there would be no distribution on the claim, and the debtor would have a greater debt to repay after the case is closed than if the claim were paid in part or in full in the case or under the plan.

House Report No. 95–595, 95th Cong., 1st Sess. 351 (1977); Senate Report No. 95–989, 95th Cong., 2d Sess. 61 (1978), U.S.Code Cong. & Admin.News, pp. 5787, 5847. This is exactly the type of case for which subsection 501(c) was designed to protect and enhance the debtor's discharge. Here, the IRS's claim is nondischargeable. If no payments are made from the bankruptcy estate, the debtors will remain liable to the

On June 15, 1981, a notice was sent to all creditors that assets had come into the bankrupt estate of D.A. Behrens Enterprises, Inc. The notice required all proofs of claims to be filed by August 15, 1981. The 341 meeting had been concluded on August 22, 1980. Both the six (6) month and the additional sixty (60) days had expired in this case.

IRS in the full amount of its $12,240.00 claim. By allowing the debtors to file a proof of claim on behalf of the IRS, a portion of that claim will be paid as part of the pro rata distribution to creditors.

However, a factual issue remains as to whether the debtor's filing of a proof of claim on February 28, 1982 was an unreasonable lapse of time causing prejudice to the other creditors and delay in the administration of the case. The creditors last day to file was August 15, 1981, the filing date missed by the IRS, therefore the debtor allowed approximately six (6) months to lapse before filing a proof of claim for the IRS. In a similar case, a bankruptcy court indicated that, in the absence of a statutory time limit, debtors have a reasonable time to file claims on behalf of creditors so long as no prejudice or delay results. *In re Higgins,* 29 B.R. 196, 200 (Bkrtcy.N.D.Iowa 1983). However, in the *Higgins* case only fifteen (15) days lapsed before the debtor filed on behalf of the tardy IRS. Id. at p. 198. Although in this case nearly six (6) months have elapsed, no showing was made that any undue prejudice to the creditors has resulted or that a diminution in the estate has occurred other than the fact that the IRS will receive a portion of the distribution. The other creditors, of course, will receive less on the distribution, but the debtor's intervention on behalf of a creditor was contemplated by Congress. Moreover, the administration of the debtor's case has been in progress since the filing of its petition on July 14, 1980. By comparison, the debtor's delay in filing of a proof of claim on behalf of the IRS is insignificant. We conclude that the debtor's filing of a proof of claim on behalf of the IRS was appropriate and done without prejudice to other creditors or undue delay to the administration of the estate. Accordingly, we will issue an appropriate order.