In re Edward Frank **THURSTON** and **Lillian Mae Thurston, and Nancy Sue Thurston, Debtors.**

**Civ. A. No. 83–F–1925.**

United States District Court, D. Colorado.

Dec. 6, 1983.

David Kelly, Pueblo, Colo., for debtors.

Joseph A. Genova, Pueblo, Colo., for estate in bankruptcy.

### ORDER

SHERMAN G. FINESILVER, Chief Judge:

THIS MATTER is before the Court on the Debtors' appeal of the Bankruptcy Court's decision on August 15, 1983 to disallow a claim filed by the Debtor on behalf of the IRS. We have thoroughly reviewed the matter before us and the arguments presented and are of the opinion that the Bankruptcy Court's decision should be *AFFIRMED.*

■ The standard of review to be used by this Court in deciding whether to affirm or reverse a decision of the Bankruptcy Court is whether the findings of the bankruptcy judge are clearly erroneous. *See In re White House Decorating Co., Inc.,* 607 F.2d 907 (10th Cir.1979). Applying that standard to the case before us, it is evident that the Bankruptcy Court's decision must be affirmed.

■ The Debtors argue that under 11 U.S.C. § 501(c), no time limit for filing is imposed, therefore a reasonable time limit should control. Section 501(c) provides that the debtor or trustee may file a proof of claim on behalf of a creditor who fails to file. We disagree with the argument that because there is no time period written into Section 501(c), that therefore, there is no time limit. The applicable period for filing a claim under Section 501(c) is governed by

the Bankruptcy Rule 302. *See In re Tavares,* 23 B.R. 129 (R.I.1982).

Furthermore, it appears that this case may be governed by the new Bankruptcy Rules, 3002(c) and 3004 which became effective on August 1, 1983. In its ORDER of April 25, 1983, the United States Supreme Court stated "[t]hat the aforementioned Bankruptcy Rules shall take effect on August 1, 1983, and shall be applicable to proceedings then pending, except to the extent that in the opinion of the court their application in a pending proceeding would not be feasible or would work injustice, in which event the former procedure applies." 11 U.S.C.A. 1983 Supp. at 5. As to their application in this matter, the same result would be reached under either the old Rules 302(e) and 303 or the new Rules 3002(c) and 3004. Both 303 and 3004 provide that if a creditor does not file a claim on or before the first date set for the first meeting of creditors, the Debtor may file a claim on his behalf. Neither rule expressly prolongs the time for filing a claim beyond that already provided for in Rule 302(e) or 3002(c).

Furthermore, we note that, while under the old Rule 302(e), the creditor had 6 months after the date of the first meeting of creditors to file a claim, that time period has been shortened to 90 days under the new Rule 3002(c), thereby indicating that the official inclination of the promulgators of the Rules is toward tightening the period for filing claims, not liberalizing it.

■ ACCORDINGLY, we find that the decision of the Bankruptcy Court disallowing the claim filed by the Debtor on behalf of the IRS is not clearly erroneous and is hereby AFFIRMED.