**In re Lois Marie SCHNEIDER, Debtor.**

**No. 83 B 5763 G.**

United States District Court,
D. Colorado.

Nov. 2, 1984.

Frey, Lach, Collins & Michaels by Kay L. Collins, Fort Collins, Colo., for debtor.

### ORDER RE: LATE FILING OF PROOF OF CLAIM

JAY L. GUECK, Bankruptcy Judge.

THIS MATTER is before the Court on the debtor's Motion to allow the late filing of a proof of claim in debtor's Chapter 13

case. The claim the debtor seeks to file relates to a debt owed to the Larimer County Treasurer's office in the amount of $188.01. The County Treasurer did not file a proof of claim as required under BRP 3002(a). Thus, the debtor now seeks to file the proof of claim in the name of the creditor, pursuant to § 501 of the Code and BRP 3004.

Under the provisions of BRP 3002(c), in a Chapter 13 individual's debt adjustment case, "a proof of claim shall be filed within ninety days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, ..." The Code provides in § 501(c) that if a creditor does not "timely" file a proof of claim, the debtor may file proof of such claim. BRP 3004 provides that if a creditor fails to file a proof of claim on or before the first date set for the § 341(a) meeting of creditors, the debtor may do so in the name of the creditor.

Section 501(c) does not define what constitutes a "timely" filing of a proof of claim by the creditor. No time limit is set forth in this section within which the debtor is expected to file the proof of claim.

■ BRP 3004 would appear to provide the definition of "timely", as used in § 501(c) of the Code. Under Rule 3004, if the creditor does not file a proof of claim by the first meeting of creditors, the debtor may file a claim in the name of the creditor. I interpret the word "timely" in § 501(c) of the Code to mean that period of time up to the first date set for the § 341(a) meeting of creditors as set forth in BRP 3004.

Rule 3004 sets the first date on which the debtor may file a proof of claim on behalf of the creditor. The critical issue presented in the motion at bar, however, is the last date on which the debtor may file a claim in the name of a creditor. Neither § 501(c) of the Code nor BRP 3004 expressly provides for an extension of time for filing a claim beyond that already provided for in BRP 3002(c).

The first date set for the § 341(a) meeting of creditors was February 2, 1984. Thus, under BRP 3002, the last date for filing proofs of claim was May 4, 1984.

Decisions of the bankruptcy court in this district relating to this issue have not been entirely consistent. The following decisions have clearly held that filing of a proof of claim may not be accomplished beyond ninety days after the first date set for the meeting of creditors, called pursuant to 11 U.S.C. § 341(a), and that this period of time is in the nature of a statute of limitations. *In re Holden*, 84 B 1486 M (Bankr.Colo.1984); *In re Peterson*, 83 B 625 M (Bankr.Colo.1984). The United States District Court for the District of Colorado affirmed a bankruptcy court decision in *In re Thurston*, 83 F 1925 (D.C. Colo.1983), holding that a proof of claim, whether filed by a creditor or the debtor in the name of the creditor, must be filed within the ninety days set forth under BRP 3002(c).

However, in *In re Starkey*, 49 B.R. 984 (Bankr.Colo.1984), the court indicated that a reasonable time might be afforded the debtor to file a proof of claim in a Chapter 7 case, also governed by BRP 3002(c), even after expiration of the ninety day period. Nonetheless, the motion to allow late filing in that case was denied because the delay was not "reasonable" and was due to the debtor's dilatory conduct.

■ I am persuaded by and bound by the District Court decision in *Thurston*. It appears that a creditor, under Rule 3004, has the exclusive opportunity to file its proof of claim up to the first date set for the § 341 meeting of creditors. If the creditor fails to file such a proof of claim, the debtor may do so thereafter, under both BRP 3004 and 11 U.S.C. § 501(c). In either event, the proof of claim must be filed within ninety days after the § 341 meeting in a Chapter 7 liquidation or Chapter 13 individual's debt adjustment case or it is barred, pursuant to BRP 3002(c), except for certain exceptions stated in that Rule. None of those exceptions appear applicable here.

Accordingly, the Motion for Late Filing of Proof of Claim is denied.