**In re Robert John
CASTERLINE, Debtor.**

**Bankruptcy No. 84 B 336 G.**

United States District Court,
D. Colorado.

July 23, 1985.

Davis, Graham and Stubbs by Glen E. Keller, Denver, Colo., for debtor.

Steven U. Mullins, Colorado Springs, Colo., for creditor, Harriet Holm.

## ORDER RE: MOTION TO DISALLOW HOLM CLAIM AS LATE-FILED

JAY L. GUECK, Bankruptcy Judge.

THIS MATTER is before the Court on Motion of the Chapter 13 Trustee to Disallow Claim No. 8 filed by Harriet Holm on the grounds that this claim was not timely filed.

The filing of a proof of claim under § 501(c) of the Code is governed by B.R.P. 3004 and 3002(c). Under the provisions of B.R.P. 3002(c), a proof of claim shall be filed within 90 days after the first date set for the § 341 meeting of creditors, except for certain exceptions not pertinent here. The first meeting of creditors in this case was set for March 19, 1984. Thus, proofs of claim were to have been filed by June 17, 1984. The form setting forth Holm's proof of claim was not filed until July 25, 1984.

It has been previously determined that the period of time provided for the filing of

claims is in the nature of a statute of limitations. *In re Holden,* 84 B 1486 M (Bankr. Colo. 1984); *In re Peterson,* 83 B 625 M (Bankr. Colo. 1984); *In re Schneider,* 51 B.R. 196, (Bankr. Colo. 1984). The United States District Court for the District of Colorado affirmed such a holding in *In re Thurston,* 52 B.R. 71 (D.C. Colo. 1983), holding that a proof of claim, whether filed by a creditor or the debtor in the name of the creditor, must be filed within 90 days set forth under B.R.P. 3002(c).

However, it has also been held that where some informal proof of claim is set forth on the judicial record, it may thereafter be amended by the filing of a formal proof of claim. *In re Thornlimb,* 37 B.R. 874 (Bankr. R.I. 1984), *see also Leaseamerica Corporation v. Eckel,* 710 F.2d 1470 (10th Cir.1983). The mere inclusion of a claim in the debtor's schedule does not meet the requirement that notice of the claim be on the "judicial record". *In re Greene,* 33 B.R. 1007 (D.C. R.I. 1983). However, where an objection to confirmation of the debtor's Chapter 13 plan and a request for evaluation hearing was made prior to the expiration of the date for filing of claims, the Court, in *In re Thornlimb, supra,* held that such a filing was a sufficient reference in the judicial record so as to constitute an informal, amendable proof of claim. Accordingly, the formal proof of claim was allowed to be filed out-of-time as an amendment to an earlier informal proof of claim.

Here, on April 16, 1984, a challenge to confirmation was made by way of an objection. There has been no question that this creditor has vigorously pursued a claim in this estate from the very beginning of this bankruptcy case. There has never been any objection until the Chapter 13 Trustee, in the discharge of her duties, brought to the attention of the Court the late filing of the formal proof of claim.

Based upon the foregoing authority, and the facts in this case, I conclude that the objection to confirmation constituted a timely assertion and filing of an informal proof of claim sufficient to comply with B.R.P. 3002(c). This proof of claim was then amended by virtue of the formal proof of claim filed on July 25, 1984. The amendment relates back to the original filing and is, thus, a properly assertable claim in this estate. Therefore, the objection to Holm's proof of claim on the ground that it is late-filed is denied.