In re Andrew George SOLARI, aka Andrew G. Solari, and Andrew Solari, dba Pioneer Take-Out 206, Debtor.

Andrew George SOLARI, Appellant,

v.

Jack A. ULRICH, Trustee in Bankruptcy, Appellee.

UNITED STATES of America, (Internal Revenue Service), Appellants,

v.

Jack A. ULRICH, Trustee in Bankruptcy, Appellee.

Bankruptcy Appeal Nos. EC 85–1413–ASEV, EC 85–1534–ASEV.

Bankruptcy No. F–83–00323–H–7.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued and Submitted Jan. 23, 1986.

Decided June 23, 1986.

Richard E. Macey, Macey & Briscoe, Stockton, Cal., for appellant.

Rolla L. Garretson, Jr., Blewett, Garretson & Hachman, Stockton, Cal., Robert N. Kwan, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., Mark St. Angelo, Asst. U.S. Atty., Fresno, Cal., for appellees.

Before ASHLAND, ELLIOTT and VOLINN, Bankruptcy Judges.

ASHLAND, Bankruptcy Judge:

The debtor and Internal Revenue Service (IRS) appeal from an order disallowing as

untimely a claim filed by the debtor on behalf of the IRS. We affirm.

## STATEMENT OF FACTS

On March 2, 1982 the debtor filed a petition in bankruptcy pursuant to Chapter 7 of the Bankruptcy Code. On April 16, 1982 the court issued an order and set the date for the meeting of creditors under Bankruptcy Code § 341(a) as April 28, 1982. The order also provided that creditors were to file claims within six months of that date, or by October 28, 1982.

The IRS did not file a proof of claim by the deadline set by the court. The debtor filed a proof of claim on behalf of the IRS on June 20, 1984 after he learned the IRS failed to file a proof of claim. The bankruptcy court sent notice of filing on August 7, 1984. On August 9, 1984 the IRS filed an amended proof of claim to supersede the claim filed on its behalf by the debtor to reflect the true amounts of the taxes owed. On February 21, 1985 the trustee filed an objection to the amended claim of the IRS on grounds that it was a late-filed claim. The bankruptcy court sustained the trustee's objection to the claim of the IRS and denied the claim as a late-filed claim.

## ISSUE

Whether the bankruptcy court erred in sustaining the bankruptcy trustee's objection to the claim of the IRS filed on its behalf by the debtor and amended by the IRS on grounds that it was filed untimely.

## DISCUSSION

Contrary to the practice under the Bankruptcy Act of 1898, as amended, Congress did not specify in the Bankruptcy Code a time for filing proofs of claim. Under the Code, the limiting period is set by rule. Before August 1, 1983 Bankruptcy Rule 302 specified that a proof of claim be filed within six months of the first date set for the first meeting of creditors [the meeting under § 341(a)], thus following the practice set by the Bankruptcy Act. Effective August 1, 1983 Bankruptcy Rule 3002(c) specified that the time for filing a proof of

claim was within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a). Bankruptcy Rule 9006(b)(1) permits enlargement of the time for filing a proof of claim only as specified in Rule 3002(c). The United States for cause shown may have the time extended if requested before expiration of the time.

Bankruptcy Code § 501(c) provides: "If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim."

The problem before us is partly one of logic and the comments found in two bankruptcy rules. Logic says that a trustee or debtor does not know if a creditor has not filed timely until the expiration of the time. This is confirmed in the Advisory Committee Note of Rule 3002(c). 1986 Collier Pamphlet Edition Bankruptcy Rules, p. 94. Rule 3004 permits the debtor or trustee to file a claim on behalf of a creditor if the creditor does not do so on or before the first date set for the hearing under § 341(a). As suggested in the comment, the debtor particularly wants a proof of claim filed on a potentially non-dischargeable debt so that the creditor will share in any distribution in the case.

The debtor contends that he can file a claim on behalf of an unfiling creditor at any time where there is no prejudice to the creditors, even though they will receive a lesser amount at the time of distribution. The debtor cites *In re D.A. Behrens Enterprises, Inc.*, 33 B.R. 751 (Bankr.N.D.Pa. 1983), for the proposition that a debtor may file a claim for a creditor after the limitation period has expired. In *Behrens*, the claim by the debtor was filed six months after the time for filing had lapsed and the court held there was no prejudice to the creditors or delay in the administration of the case. The court rejected "as illogical the argument that the debtor must file within the same time allotted to a creditor who has allowed the time to expire and hence failed to file timely."

The trustee contends that both the creditor and the debtor had only six months

from the first date set for the meeting of creditors to file the creditor's claim. The trustee points out that the debtor filed the claim on behalf of the IRS approximately 20 months after the bar date. The trustee argues that the bankruptcy rules do not allow an extension of time to file a proof of claim. We think application of Rule 9006 in this situation is not appropriate.

The trial court concluded that once the six month period for filing proofs of claim had expired it could not be enlarged. We have already pointed out the inconsistency of this position with Advisory Committee Notes.

In *In re Higgins,* 29 B.R. 196 (Bankr. N.D. Iowa 1983), the court allowed the debtor to file a claim for the IRS but it was only 16 days late.

While the debtor should have a reasonable time beyond the original 90 days for filing a claim 20 months is clearly unreasonable. The debtor slept too long before investigating and filing a proof of claim for non-dischargeable tax debts.

We note that the pending amendments to the rules would limit the debtor or trustee to 30 days. The amendment proposed by the Advisory Rules Committee states:

> If a creditor fails to file a proof of claim on or before the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, the debtor or trustee may do so in the name of the creditor, *within 30 days after expiration of the time for filing claims prescribed by Rule 3002(c) and Rule 3003(c), whichever is applicable.* The clerk shall forthwith mail notice of the filing to the creditor, the debtor and the trustee. A proof of claim filed by a creditor pursuant to Rule 3002 or Rule 3003, shall supersede the proof filed by the debtor or trustee.

Preliminary Draft of Proposed Bankruptcy Rules, Committee on Rules of Practices and Procedure of the Judicial Conference of the United States (November 1985), p. 66. Since this proposal has not been formally adopted we cannot apply this recommendation to the facts of this case.

## CONCLUSION

 While the debtor or trustee may file a proof of claim within a reasonable time after the expiration of time for filing if the creditor does not file one timely, the expiration of approximately 20 months in this case was unreasonable.

Affirmed.

ELLIOTT, Bankruptcy Judge, concurring.

I concur with the majority but would affirm on the basis that Rule 3002(c) establishes an absolute bar date and that the debtor does not have a reasonable period of time thereafter to file a claim for a creditor.

Congress left it to the bankruptcy rules to fix the time within which a claim may be filed in a bankruptcy case. Rule 3002(c) fixes that time as 90 days from the first date set for the meeting of creditors under § 341(a) of the Code.

11 U.S.C. § 501(c) authorizes the debtor or trustee to file a claim for any creditor who does not timely file a claim. What does the term "timely file" mean? I find the answer in Rule 3004 which authorizes the debtor or trustee to file a claim for a creditor who has not filed a claim at or before the first meeting. The advisory committee note to this rule notes that the rule impliments 11 U.S.C. § 501(c) and states, in part,

> The authority to file is conditioned on the creditor's failure to file the proof of claim on or before the first date set for the meeting of creditors, which is the date a claim must ordinarily be filed in order to be voted in a chapter 7 case.

Thus, "timely filed" means filed on or before the first date set for the first meeting under § 341.

I appreciate the view of the judges in *In re D.A. Behrens Enterprises, Inc.,* 33 B.R. 751 (Bankr.N.D.Pa.1983) and *In re Higgins,* 29 B.R. 196 (Bankr.N.D. Iowa 1983) that it is equitable to relieve the debtor of his own negligence in failing to file a claim for the IRS within the 90 day period al-

lowed by the rules. But that interpretation does violence to Rule 3002(c) and Rule 9006(b)(3). The latter rule provides that the court may enlarge the time for taking action under Rule 3002(c) "... only to the extent and under the conditions stated in those rules."

We have a duty to resolve issues in a fashion that harmonizes the rules and the law. I submit that if the rule makers intended that the bar date be extended beyond 90 days for a debtor to file a claim on behalf of a creditor that they had only to add it to the exceptions already contained in Rule 3002(c).

The cases construing § 501(c) demonstrate how what appears to be, at first blush, a reasonable exercise of the court's equity power, turns out to be the camel's nose under the tent. In *Higgins* the claim was only 16 days late. In the *Behrens Enterprises* case the claim was over six months beyond the bar date. In the case before us on appeal, the claim was almost 20 months late—which would allow the whole camel into the tent if the claim was allowed.

I disagree with the courts that see no detriment to creditors in allowing a late filed tax claim. To the extent the tax claim is allowed, creditors with a lesser priority receive less. Why are not those creditors, who have gone to the trouble of timely filing their claims entitled to expect the dividend they are entitled to if the court follows the law and enforces the rules? We have no way of knowing the extent to which creditors may have made plans and commitments in anticipation of receiving a dividend to which they are entitled from and after the bar date.