**In re Richard KIES & Cheryl Kies, Debtors.**

**Bankruptcy No. BK–S–85–01912.**

United States Bankruptcy Court, D. Nevada.

Nov. 12, 1986.

Christopher G. Gellner, Las Vegas, Nev., for debtors.

David L. Riddle, Las Vegas, Nev., for Ada Gardner Realty Co., Inc.

## MEMORANDUM DECISION

ROBERT CLIVE JONES, Chief Judge.

### FACTS

The Debtors filed their petition for relief under Chapter 7 of the Bankruptcy Code on December 5, 1985. January 2, 1986 was set as the first date for the meeting of creditors required by section 341(a) of the Code (the "341 meeting").

On July 1, 1986, the Debtors filed the present Motion for Order Allowing Trustee to Pay Available Funds to I.R.S. Ada Gardner Realty Company ("Gardner Realty"), a creditor of the Debtors, opposed the motion on the ground that no timely claim had been filed by or on behalf of the I.R.S. The matter came on for hearing on August

12, 1986. After the hearing, the parties supplied the Court with additional points and authorities and the matter was submitted.

## DISCUSSION

Section 501(c) of the Bankruptcy Code and Bankruptcy Rules 3002 and 3004 are the relevant provisions. Section 501(c) provides:

> (c) If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim.

Bankruptcy Rule 3002 provides in pertinent part:

> (a) Necessity for Filing. An unsecured creditor or an equity security holder must file a proof of claim or interest in accordance with this rule for the claim or interest to be allowed, except as provided in Rules 3003, 3004 and 3005.
>
> \* \* \* \* \* \*
>
> (c) Time for Filing. In a Chapter 7 liquidation ..., a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors pursuant to § 341(a) of the Code....
>
> \* \* \* \* \* \*

Bankruptcy Rule 3004 provides:

> If a creditor fails to file a proof of claim on or before the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, the debtor or trustee may do so in the names of the creditor. The Clerk shall forthwith mail notice of the filing to the creditor, the debtor and the trustee. The creditor may thereafter file a proof of claim pursuant to Rule 3002 or Rule 3003, which proof when filed shall supersede the proof filed by the debtor or trustee.

Section 501(c) allows the debtor or the trustee to file a claim on behalf of a creditor if the creditor does not file a claim within the period set by the Code and the Rules—i.e., 90 days after the first date set for the 341 meeting. Rule 3004, however, allows the debtor or trustee to file its claim on behalf of a creditor if the creditor does not file it's claim before the first date set for the 341 meeting. When read together,

these provisions raise the question whether the debtor or trustee must also file the creditor's claim within the 90 day period as the creditor would be required to do.

Gardner Realty relies on *In re Thompson,* 12 B.R. 122 (Bankr.Nev.1981), where this Court, speaking through Judge Goldwater, held the debtor to the same deadline that applies to other creditors. The Court refused to allow the debtors to file as a late claim an I.R.S. tax claim that had not been filed prior to the claims bar date. *Id.* at 122 (citing 3 *Collier on Bankruptcy* 501–48 (15th Ed.)). Gardner Realty argues that the same rule should apply here.

The Debtors rely upon several cases holding that claims filed by debtors on behalf of the tax creditors are timely if they are filed within a reasonable time after the claims bar date. *In re Starkey,* 49 B.R. 984 (D.Colo.1984); *In re D.A. Behrens Enterprises, Inc.,* 33 B.R. 751 (Bankr.Pa. 1983); *In re Higgins,* 29 B.R. 196 (Bankr. Iowa 1983). The rationale behind these decisions is stated in the legislative history of section 501(c):

> The purpose of this subsection is mainly to protect the debtor if the creditor's claim is nondischargeable. If the creditor does not file, there would be no distribution on the claim, and the Debtor would have a greater debt to repay after the case is closed than if the claim were paid in part or in full in the case or under the plan.

House Report No. 95–595, 95th Cong., 1st Sess. 351 (1977); Senate Report No. 95–989, 95th Cong., 2d Sess. 61 (1978), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5847. This approach is particularly sensible where there is no showing "that any undue prejudice to the creditors has resulted or that a diminution in the estate has occurred other than the fact that the IRS will receive a portion of the distribution. The other creditors, of course, will receive less on the distribution, but the debtor's intervention on behalf of a creditor was contemplated by Congress" *Behrens,* 33 B.R. at 753.

█ Normally, this Court would follow the *Thompson* decision; however, the

Bankruptcy Appellate Panel for the Ninth Circuit recently adopted the *Behrens* approach in *In re Solari,* 62 B.R. 31 (Bankr. 9th Cir.1986). *Thompson,* therefore, is apparently no longer good law.

 The only remaining question, then, is whether the Debtors' motion, filed three months after the bar date, was filed within a reasonable time [1]. In *Solari,* the court held that a twenty-month delay was unreasonable; that case therefore provides little guidance in deciding the present case because here the delay was only three months. More helpful is the *Behrens* case where the delay in filing was nearly six months. There the court held that such a delay was not unreasonable where there was no apparent prejudice to other creditors. 33 B.R. at 753. As there is no apparent prejudice to the creditors in this case either, the Court concludes that the three month delay in filing is not unreasonable.

Based on the above, therefore, IT IS HEREBY ORDERED that the claim of the IRS was properly filed by the Debtors and the trustee may pay available funds to the IRS.

---

1. A proposed amendment to the Bankruptcy Rules provides a 30–day period beyond the normal bar date in which a debtor may file claims on behalf of non-filing creditors. *Solari,* 62 B.R. at 33. The Court cannot, of course, apply this proposal in the case at bar as it has not been formally adopted.