In re Margot GURST, Debtor.

Bankruptcy No. 85–00480K.

United States Bankruptcy Court,
E.D. Pennsylvania.

Feb. 25, 1987.

Irwin Trauss, Community Legal Services, Inc., Philadelphia, Pa., for debtor.

Martin N. Ghen, Doylestown, Pa., for Philadelphia Consumer Discount Co.

James J. O'Connell, Philadelphia, Pa., Trustee.

OPINION

DAVID A. SCHOLL, Bankruptcy Judge.

At this juncture in the tortuous procedural history of this case, we are called on to decide one relatively simple legal issue, i.e., whether the Debtor's Proof of Claim was timely filed, pursuant to 11 U.S.C. § 501(c), on November 18, 1986, at least seven (7), and possibly over ten (10), months subsequent to the bar date for filing claims.[1] Although we choose to follow that line of cases holding that a Debtor filing a claim pursuant to § 501(c) may do so in timely fashion within a reasonable period *after* the bar date, we hold that, in the factual circumstances presented in this case, the Debtor is not entitled to the lengthy time dispensation sought. Hence, the Objection of the creditor to the untimeliness of the Debtor's § 501(c) claim on its behalf will be sustained.

The Debtor, a married woman, filed this Chapter 13 bankruptcy case individually on February 8, 1985. We learned from the Debtor's Brief that her husband, Sheldon Gurst, also has a separate Chapter 13 case pending.[2] The creditor in issue, PHILADELPHIA CONSUMER DISCOUNT COMPANY (hereinafter referred to as "the Creditor"), argues, not without some logical support, that the general strategy of the Debtors is to whipsaw the Creditor by manipulation of proceedings in two (2) simultaneously-pending bankruptcies. While this may be true, it is our duty to simply decide whether the Debtor and her husband are proceeding properly under the Code, without regard for proceedings in other cases.[3]

On her schedules, the Debtor listed separate loan obligations to the Creditor and

---

1. See the discussion at pages 467–68 *infra* concerning the appropriate calculation of the bar date.

2. Actually, by checking the files, we discovered that this is an understatement. Mr. Gurst filed one Chapter 13 case, at Bankruptcy No. 84–03693G, on October 23, 1984, which was dismissed on January 15, 1985. Thereafter, on

October 9, 1986, he filed a second case, at Bankruptcy No. 86–04726S, which is still pending.

3. The Creditor begins its Brief with the characterization of its dealings with the Debtor as "lengthy, complicated, and seemingly extraneous." The use of the latter term is difficult to fathom. What *is* extraneous is the better part of the Creditor's Brief, which addresses such issues

one NORWEST CONSUMER DISCOUNT COMPANY (hereinafter referred to as "Norwest"). The parties apparently agree that the Creditor is the successor in interest to the Norwest Claim and is asserting that Claim as well as a separate Claim on its own behalf.

On July 25, 1985, this Court, per our predecessor, the Honorable William A. King, Jr., entered an Order granting the Creditor's Motion for Relief from the Stay. The Order notes that this was "upon agreement of the parties" and that it was "without prejudice of Debtor to seek reinstitution of stay." On August 12, 1985, a similar Order was entered as a resolution of a similar Motion by Norwest.

The Meeting pursuant to 11 U.S.C. § 341 was originally scheduled on October 24, 1985. It would therefore appear, pursuant to the indication of same on the face of the Notice scheduling the Meeting, as well as Bankruptcy Rule 3002(c), that the last day for filing of Proofs of Claim, at least by creditors, was January 22, 1986. However, the docket entries indicate that, on March 11, 1986, the Trustee sent a notice to all parties establishing April 3, 1986, as the last day for filing claims. We note that we are unable to comprehend how the Trustee would have the power to extend the claim bar date. Therefore, we must hold that January 22, 1986, is the bar date, at least as to any party who is not able to establish that (s)he was misled by the Trustee's notice.

On March 25, 1985, and April 1, 1986, respectively, Norwest and the Creditor filed Proofs of Claim. On February 13, 1986, the Debtor filed an Objection to Norwest's Proof of Claim, contending that it was entitled to a claim for recoupment under the federal Truth-in-Lending Act, 15 U.S.C. § 1601, et seq. On September 19, 1986, the Debtor filed an Adversarial Proceeding, at Adv. No. 86–1121S, against the Creditor, attacking its Proof of Claim on several grounds. Ironically, in Count One, the Debtor averred that the Claim should be denied because it was averred that the bar date was January 22, 1986, and the Proof of Claim was tardily filed on April 1, 1986.[4] Given this fact, we are clearly unable to conclude that the Trustee's notice misled the Debtor here, and January 22, 1986, therefore must be found to be the bar date, at least qua the Debtor.

Meanwhile, the Standing Chapter 13 Trustee filed the first of a series of Motions to Dismiss this Case on April 1, 1985, and April 11, 1985. On December 4, 1985, the last of these was filed, on the ground that the Debtor's Plan was not feasible. This Motion had been continued six times due to the contentions of the Debtor that certain claims were in dispute and needed to be resolved prior to our taking the bench to succeed Judge King on August 27, 1986.

This case first came to our attention on September 17, 1986, when the continued Trustee's Motion to Dismiss was listed for a hearing for the sixth time. In order to get the case moving or remove it from the system, we entered an Order on the next day directing that Counsel for the Debtor submit a list of all Creditors whose claims were disputed on or before September 22, 1986; indicating that Objections to all Claims would be heard on October 16, 1986; and continuing the Trustee's Motion to Dismiss for, hopefully, the last time, until November 19, 1986.

as whether the Debtor's "Proof of Claim is an improper pleading attempting to modify the Court's Relief from Stay" and whether the "Proof of Claim contradicts and is in violation of the law regarding the purposes of a Chapter 13 plan." We could excuse the outpourings on these issues as a combination of surplusage from a party frustrated by the Debtor's unorthodox procedural movements and unfamiliarity with bankruptcy proceedings. However, we are aware that this Creditor has itself also been a debtor in our Court, and hence the latter justification is not applicable. See Bankruptcy No. 83–01854G.

4. This is, of course, inconsistent with the Debtor's present assertion that the Trustee dispatched a Notice which had the effect of extending the bar date until April 3, 1986. If there were such an extension, the Creditor's Proof of Claim would have been timely.

On October 16, 1986, Counsel for the Debtor, the Creditor here, on behalf of the two (2) Claims in its possession, and Counsel representing the United States Department of Housing and Urban Development (hereafter referred to as "HUD"), concerning whose Claims the Debtor had also objected, appeared. HUD withdrew its Claims. The Debtor reported that a Stipulation would be filed effecting a resolution with another Creditor whose Claim was in dispute, General Motors Acceptance Corporation (hereinafter referred to as "GMAC"). After a colloquy during which Counsel for the Creditor reiterated a desire to pursue the Debtor in state court per its relief from stay rather than in this Court, the Creditor agreed to withdraw both the Norwest Claim and its own Claim. On October 17, 1986, we entered an Order relative to the Creditor's own Claim stating that the Proof of Claim was withdrawn and the Adversarial Complaint was withdrawn as moot "without prejudice to either party to raise any claims or defenses against the other in any other proceeding in this or any other court."

We believed that the way was now paved for confirmation of the Debtor's Plan, as all four (4) of the claims concerning which there were disputes had been resolved. Little did we know, much less suspect, that on November 18, 1986, the day before the continued hearing on the Trustee's Motion to Dismiss was scheduled, the seeds of this controversy were replanted by the Debtor's filing of a Proof of Claim pursuant to § 501(c) on behalf of the Creditor, referencing both its own Claim and that of Norwest, in the munificent sum of one ($.01) cent. On November 20, 1986, the Debtor amended the Proof of Claim filed on November 18, 1986, but not the amount set forth therein.

At the hearing on November 19, 1986, the Trustee indicated that the removal of all of the disputed Claims would justify withdrawal of his Motion to Dismiss, but that the reported Stipulation with GMAC had not yet been filed of record. Therefore, on November 20, 1986, we entered an Order continuing the disposition of the Motion to Dismiss and rescheduling that hearing and a Confirmation Hearing on January 21, 1987.

Unbeknown to us, on December 12, 1986, the Creditor filed an Objection to the Debtor's Proof of Claim, raising, *inter alia*, the issue that it was not timely filed. We also note that, on April 29, 1985, the Creditor had filed an Objection to the Confirmation of the Debtor's Plan. Unfortunately, the Court and the Trustee failed to notice the existence of this rather dated filing at the hearing on January 21, 1987, and the Trustee recommended Confirmation of the Debtor's Plan.

A hearing on the Objection to the Debtor's § 501(c) filing was scheduled on January 28, 1987. After hearing brief argument from both parties, during which the Court was advised of the existence of the Creditor's outstanding Objection to Confirmation, we entered an Order of January 29, 1987, requiring the parties to simultaneously file Briefs addressing the Objections to the Debtor's Proof of Claim on or before February 11, 1987; and advising that the Confirmation Order had not been signed and would be considered at a hearing scheduled on March 11, 1987. Because there are no material facts in dispute, and we are able to render our decision upon application of the law to undisputed facts in the record, we are able to prepare our Opinion in narrative form rather than in the form of Findings of Fact and Conclusions of Law contemplated by Bankruptcy Rules 9014 and 7052 and Federal Rule of Civil Procedure 52(a).

Compared to the recitation of this complex factual history, a review of every pertinent legal precedent can be accomplished in relatively little space. We find that the most recent and lucid appellate decision which reviews the law in this area to be an authority cited by neither party, *In re Solari*, 62 B.R. 31 (9th Cir.Bankr.App.1986). In that case, the Debtor filed a Proof of Claim, per § 501(c), twenty (20) months after the bar date. The two (2) judges joining in the majority opinion held that it was

logical to allow a debtor to file a proof of claim pursuant to § 501(c) after the bar date, since the debtor will not know, until the bar date, whether the creditor has filed a claim on his/her own behalf. However, the majority rejected the debtor's argument "that he can file a claim on behalf of an unfiling creditor at any time where there is no prejudice to the creditors," *id.* at 32, and adopted a rule that the debtor must file his Proof of Claim within a reasonable time beyond the bar date, even where there is no showing of prejudice to any interested party on account of the late filing. Pointing to the draft of pending amendments to the Bankruptcy Rules which establish the deadline for the filing of a claim pursuant to § 501(c) at thirty (30) days,[5] the court held that filing a claim twenty (20) months after the bar date was "clearly unreasonable." *Id.* at 33. Thus, denial of the claim was affirmed.

A concurring judge argued that the presently applicable version of Bankruptcy Rules 3002(c) and 3004 establish the time for filing of *all* Proofs of Claim, without exception for § 501(c) filings, as ninety (90) days after the first date set for the meeting of creditors. Thus, the concurring judge indicated that he would disallow any claim, including those filed per § 501(c), which were filed beyond the bar date. Naturally, he joined the majority in dismissing the claim before the court in *Solari.*

The two (2) views expressed in *Solari* represent the split among the courts. The opinions of the courts in *In re Thurston,* 52 B.R. 71 (D.Colo.1983); and *In re Schneider,* 51 B.R. 196 (Bankr.D.Colo. 1984), and the view of Norton, 1 W. NORTON, BANKRUPTCY LAW & PRACTICE, § 28.01, at Part 28—Page 2 to Page 3 (1982), is consistent with that of the concurring judge in *Solari.*

Consistent with the majority opinion in *Solari,* and hence constituting the majority view, are the following cases: *In re Middle Plantation of Williamsburg, Inc.,* 48 B.R. 789, 800–01 (E.D.Va.1985) (matter in which

there was a delay of four (4) months is remanded to bankruptcy court to determine reasonableness); *In re Starkey,* 49 B.R. 984 (Bankr.D.Colo.1984) (ten-month delay in filing found not reasonable); *In re Gingery,* 48 B.R. 1000 (Bankr.D.Colo.1985) (delay of almost six (6) months found reasonable by same bankruptcy judge who decided *Starkey* ); *In re Behrens Enterprises, Inc.,* 33 B.R. 751 (Bankr.M.D.Pa.1983) (six-month delay found reasonable under the circumstances); and *In re Higgins,* 29 B.R. 196 (Bankr.N.D.Iowa 1983) (sixteen-day delay is reasonable).

We addressed the issue of late filing of claims by creditors in *In re Owens,* 67 B.R. 418, 423 (Bankr.E.D.Pa.1986), pointing out therein that there is "well-established law of this Circuit and this Court that the deadlines for filing proofs of claim are 'strictly construed,' " citing as our principal authority *In re Pigott,* 684 F.2d 239 (3d Cir.1982), where the Court of Appeals refused to find the emergent circumstance that the claimant's business was disrupted by the nuclear accident at Three Mile Island to be a sufficient justification for a late filing.

▇▇▇ Given this framework of a strict construction of the time-deadlines against creditors, it seems inequitable to be overly indulgent with debtors who file claims on behalf of creditors pursuant to § 501(c). Although we join the majority in *Solari* and the other cases cited above in holding that it is only logical that a party filing under § 501(c) should be accorded some short and reasonable time dispensation beyond the period established by Bankruptcy Rule 3002(c) where circumstances justifying a late filing and lack of unfair prejudice coalesce, we cannot agree that the dispensation sought by the Debtor here is either reasonable, or attended by the requisite circumstances justifying same, or that lack of unfair prejudice to all opposing parties is established.

With respect to the length of the time dispensation sought, the Debtor argues,

---

5. The draft proposal has found its way into the redraft of the Rules presently before the Supreme Court for consideration. See Proposed Rule 3004.

without force, that we should measure her delay from the date that the Creditor withdrew its Proof of Claim, October 16, 1986, to November 18, 1986. Thus, she claims that the time-period is well within that in issue in *Behrens*, although behind the thirty-day period which the majority in *Solari* suggests is the maximum dispensation to be permitted.

*Behrens*, allowing a claim to be filed six (6) months after the bar date, is the highwater mark for length in time dispensations in the known cases. However, it is clear that the time-period here must be measured from the bar date of January 22, 1986, to November 18, 1986. Hence, the time-period is almost twice the time-period that was in issue in *Behrens*. While it is true that the Debtor's opportunity to file pursuant to § 501(c) would have been cut off by the Creditor's filing of a *timely* Proof of Claim on its own behalf, it seems clear to us that the Creditor's filing of its own Claim, on April 1, 1986, was not timely. The Norwest Claim was filed on March 25, 1985, giving the Debtor a period of almost ten (10) months until the bar date to dispute this Claim, have it dismissed, and file her own claim. The Debtor herself was clearly not misled by the late filing of the Creditor's own Claim, as she objected to the Creditor's own Claim on this very basis of untimeliness. It certainly does not sit well with us to observe that the Debtor challenged a Proof of Claim filed by the Creditor as untimely, and, after it succeeded partially on the strength of this point, proceeded to file its own Claim over thirty (30) days *thereafter*.

We should also note that we find no circumstances present which would justify the late filing, and a significant possibility of unfair prejudice to the Creditor if we allow the Claim. The Debtor offers virtually no reasons justifying her tardiness. The Creditor would, in our view, be unfairly forced back into the bankruptcy forum if we allowed the Claim, contrary to what appeared to be the course to which all of the Counsel present agreed on October 16, 1986. While it is true that the Creditor could now file a Proof of Claim due to the Debtor's filing, per Bankruptcy Rule 3004, we believe that it is unfair to force the Creditor into the bankruptcy court forum when it has already obtained relief from the automatic stay and expressed a desire, on October 16, 1986, to pursue the Debtor elsewhere.

We should also note that, rather than finding the circumstances of the Debtor here such as would encourage us to grant her a dispensation, we believe that, by the use of her and her husband of a series of separate bankruptcies in tandem, the Debtor and her husband are seeking to maximize the benefits to them in excess of those which might be obtainable in a joint bankruptcy. While the Debtor and her husband are entitled to all that the Code and their Counsel's ingenuity allows them, the Debtor hardly fits the mold of ignorant and innocent parties represented by errant counsel which appeared to be before the courts in *Behrens, Gingery,* and *Higgins*. Further, the filing of a Proof of Claim in the amount of one ($.01) cent to attempt to thus effectively eliminate the Creditor's Claim is in itself an act which evinces an ingenious, but not necessarily equitable, use of the Code. While again, we do not condemn the Debtor or her Counsel for seeking to obtain the maximum benefits available in the Code, and, to the contrary, commend Counsel for creatively doing so, we must observe that when one proceeds at the cutting edge of the Code's beneficence, one must be particularly careful to be vigilant. The delay in filing here does not exhibit the vigilance which we think is also requisite when one resorts to creative lawyering.

Therefore, even giving the Debtor the benefit of the more liberal interpretation of the time limitations suggested by the divergent opinions in *Solari,* and even if we follow *Behrens* on its facts, we cannot agree with the Debtor that her Proof of Claim, filed November 18, 1986, was, in these circumstances, timely. Accordingly, we shall enter an Order sustaining the Creditor's Objection to this Proof of Claim.