**In the Matter of Margot GURST.**

Civ. A. No. 87–2065.

Bankruptcy No. 85–0048OK.

United States District Court,
E.D.Pennsylvania.

Oct. 23, 1987.

Martin N. Ghen, Doylestown, Pa., for Philadelphia Consumer Discount Co. and Norwest.

Irwin Trauss, Community Legal Services, Philadelphia, Pa., for Margot Gurst.

MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

This is an appeal from an order of the bankruptcy court sustaining the objection of a creditor, Philadelphia Consumer Discount Company ("PCDC"), to a proof of claim filed in its name by the debtor, Margot Gurst, pursuant to 11 U.S.C. § 501(c), dismissing the proof of claim, 70 B.R. 467. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a). *In re Amatex Corp.,* 755 F.2d 1034, 1039–41 (3d Cir.1985); *Matter of Tarnow,* 749 F.2d 464 (7th Cir.1984).

The debtor filed this Chapter 13 proceeding on February 8, 1985, and her Chapter 13 statement and plan on March 15, 1985. In her schedules, the debtor listed separate loan obligations to PCDC and Norwest Consumer Discount Company ("Norwest"). The parties have agreed that PCDC is the successor in interest to the Norwest claim and is asserting that claim as well as a separate claim on its own behalf.

Norwest filed its proof of claim as a secured creditor on March 25, 1985 in the amount of $4353.00. On April 29, 1985, PCDC filed objections to the confirmation of the debtor's Chapter 13 plan. In its objections, PCDC asserted, *inter alia,* that the debtor inaccurately listed PCDC's claim as a "class 3" unsecured claim, that the PCDC claim was secured by a mortgage, and attached a copy of the mortgage in the amount of $7656.48.

On July 25, 1985, PCDC was granted relief from the automatic stay without prejudice to the debtor seeking reinstitution of the stay. Similarly, on August 13, 1985, an order was entered modifying the automatic stay as to Norwest and granting Norwest leave to enforce its mortgage against the property of the debtor.

Since the meeting pursuant to 11 U.S.C. § 341 was originally scheduled on October 24, 1985, the last day for filing proofs of claim was January 22, 1986. Bankruptcy Rule 3002(c).

On February 13, 1986, the debtor filed a motion objecting to Norwest's proof of

claim. In its objections the debtor asserted, *inter alia,* that the mortgage upon which Norwest based its claim to secured status was rescinded pursuant to the Truth in Lending Act rendering it void, and that the debtor had a set off against Norwest under the Truth in Lending Act based on Norwest's failure to provide her with proper disclosures.

On April 1, 1986, PCDC filed its formal proof of claim as a secured credit in the total amount of $10,728.60. Thereafter, the debtor filed an adversary proceeding against PCDC in September 1986 seeking a determination as to the amount and validity of the proof of claim filed by PCDC. The debtor objected to the PCDC proof of claim as untimely and asserted that the mortgage upon which the PCDC claim was based was rescinded pursuant to the Truth in Lending Act thereby rendering the mortgage void and converting PCDC's secured claim to an unsecured claim. The debtor also asserted various set offs so as to reduce PCDC's claim to zero.

On October 16, 1986, a hearing was held by the bankruptcy court on the debtor's objections to various proofs of claim. At that time based on the relief from the automatic stay granted to Norwest and PCDC, the bankruptcy court entered orders on October 16 and 17, 1986 granting the motions of PCDC and Norwest to withdraw their proofs of claim. The bankruptcy court also dismissed the debtor's complaint in the adversary proceeding against PCDC as moot "without prejudice to either party to raise any claims or defenses against the other in any other proceeding in this or any other court." The record of the October 16, 1986 hearing clearly reflects that counsel for the debtor did not object to the withdrawals of the Norwest and PCDC proofs of claim.

Thereafter, on November 20, 1986, the debtor filed a proof of claim in the name of PCDC in its own capacity and as successor to the claim of Norwest pursuant to section 501(c) in the amount of one cent ("the one cent claim"). PCDC filed an objection to the one cent claim filed in its name by the debtor.

In its order dated February 25, 1987, with an accompanying opinion, the bankruptcy court sustained the creditor's objection to the debtor's proof of claim on the basis of its untimeliness since the proof of claim had been filed some ten months after the bar date of January 22, 1986. The bankruptcy court held that a debtor filing under section 501(c) should be accorded some short and reasonable time beyond the bar date established by Rule 3002(c) where circumstances justify a late filing and lack of prejudice is established. However, the bankruptcy court found that the circumstances of this case did not justify a late filing and that lack of unfair prejudice had not been established by the debtor.

In this appeal from the bankruptcy court's February 25, 1987 order, the debtor asserts that the bankruptcy court used the wrong date in determining the timeliness of her section 501(c) one cent claim. Specifically, the debtor contends that the bankruptcy court should have used October 16 and 17, 1986 (the dates of the orders allowing the withdrawal of the PCDC and Norwest proofs of claim), rather than the bar date of January 22, 1986, in determining the timeliness of her section 501(c) one cent claim. The debtor contends that the one cent claim was filed within a reasonable period of time since it was filed within approximately 34 days of the bankruptcy court's orders permitting the withdrawal of the proofs of claim of Norwest and PCDC.

Bankruptcy Rule 8013 provides:

On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

The clearly erroneous standard does not apply to conclusions of law, and this Court must make an independent determination as to questions of law. *In re Gillen,* 69 B.R. 255 (E.D.Pa.1986); *In re Philadelphia*

*Athletic Club,* 20 B.R. 328 (E.D.Pa.1982); *In re Hollock,* 1 B.R. 212 (M.D.Pa.1979).

Bankruptcy Rule 3002(c) provides: "In a ... Chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors pursuant to § 341...." This rule establishes the "bar date". Generally, proofs of claim filed after the bar date are untimely and will be disallowed.

Section 501(c) provides that if a creditor does not file a timely proof of claim, the debtor may file a proof of claim in the name of the creditor.

Prior to the amendment of Bankruptcy Rule 3004, the district and bankruptcy courts were almost unanimous in holding that a debtor has a reasonable time after the bar date to file a proof of claim on behalf of a creditor who has failed to file a timely proof of claim. *In re Middle Plantation of Williamsburg, Inc.,* 48 B.R. 789, 800–01 (E.D.Va.1985); *In re Eckols,* 77 B.R. 345 (Bankr.D.N.H.1987); *In re Allen,* 68 B.R. 523 (Bankr.D.N.M.1986); *In re Kies,* 67 B.R. 309 (Bankr.D.Nev.1986); *In re Solari,* 62 B.R. 31 (9th Cir. BAP 1986); *In re Gingery,* 48 B.R. 1000, 1005 (Bankr. D.Colo.1985); *In re Starkey,* 49 B.R. 984, 988–89 (Bankr.D.Colo.1984); *In re D.A. Behrens Enterprises, Inc.,* 33 B.R. 751 (Bankr.M.D.Pa.1983); *In re Higgins,* 29 B.R. 196, 199–200 (Bankr.D. Iowa 1983). *Contra In re Thurston,* 52 B.R. 71 (D.Colo. 1983); *In re Schneider,* 51 B.R. 196 (D.Colo.1984).

■ Most of these decisions have recognized that since a debtor will not know if a creditor has filed a timely claim until the expiration of the bar period, debtors should be given a reasonable period of time within which to file a section 501(c) proof of claim. *Solari, supra.* The amendment to Bankruptcy Rule 3004 (prior to August 1, 1987) specifically provides that a debtor may file a section 501(c) claim on behalf of a creditor within 30 days after the expiration of the bar period. *See* W.L. Norton, 6 *Norton Bankruptcy Law and Practice,* Cumulative Supplement (June 1987). The law is clear therefore that a debtor (prior to August 1, 1987) had a reasonable period of time after the bar date within which to file a proof of claim on behalf of a creditor provided that the circumstances justified a late filing and that there was no prejudice to the party opposing the filing. Therefore, there appears to be no question that the bankruptcy court was correct in its application of the law. Furthermore, this Court finds that the determination of the bankruptcy court was not clearly erroneous when it found that the debtor's filing of the section 501(c) proof of claim was untimely on the ground that the claim was filed some 10 months after the bar date and about 34 days after the orders permitting the withdrawal of the PCDC and Norwest proofs of claim.

■ Assuming that PCDC and Norwest filed timely proofs of claim, it would appear that the debtor in this case was not authorized pursuant to section 501(c) to file a proof of claim in the name of PCDC and Norwest. By its language, section 501(c) limits a debtor filing a proof of claim in the name of a creditor to the situation where "a creditor does not file a proof of such creditor's claim."

This Court will therefore affirm the February 25, 1987 order of the bankruptcy court.