**In re Ervin L. KIMBER and Frances S. Kimber, Debtors.**

**Bankruptcy No. SK 87–00696.**

United States Bankruptcy Court, W.D. Michigan.

April 5, 1988.

Edward Read Barton, Allegan, Mich., for debtors.

Joseph A. Chrystler, Kalamazoo, Mich., Trustee.

## MEMORANDUM OPINION AND ORDER

JO ANN C. STEVENSON, Bankruptcy Judge.

The issue before the Court is what time constraints, if any, should be imposed upon a debtor, pursuant to 11 U.S.C. § 501(c), for filing a protective claim on behalf of a creditor who has not timely filed its claim.

Ervin and Frances Kimber filed their joint Chapter 13 Petition on March 9, 1987, and a Meeting of Creditors pursuant to Section 341 was set for June 1, 1987. The Court's Order for Meeting of Creditors, Combined with Notice Thereof and of Automatic Stays, advised as follows:

> In order to have his claim allowed so that he may share in any distribution from the estate, a creditor must file a claim, whether or not he is included in the list of creditors filed by the debtor. Claims which are not filed on or before August 31, 1987 will not be allowed, except as otherwise provided by law.

Subsequently, on March 3, 1988, some 12 months after they filed their petition, the Debtors filed their Motions asking that they be allowed to file protective claims on behalf of creditors National Home Furnishings, owed $2,077.66, and Lewis Furniture Company, owed $625.00. Both National Home Furnishings and Lewis Furniture had been listed on the Debtor's schedules as having claims in the amounts indicated.

The pertinent portion of Section 501, Filing of Proofs of Claims or Interest, states as follows:

(c) If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim.

The time frame for permitting such filing is set out in Bankruptcy Rule 3004, Filing of Claims by Debtor or Trustee.

If a creditor fails to file a proof of claim on or before the first date set for the meeting of creditors called pursuant to Section 341(a) of the Code, the debtor or trustee may do so in the name of the creditor, *within 30 days after expiration of the time for filing of claims prescribed by Rule 3002(c) or 3003(c)*, whichever is applicable. *(emphasis added).*

As the Kimbers are Chapter 13 petitioners, Bankruptcy Rule 3002(c) governs. That rule provides the creditor 90 days after the first date set for the Section 341 Meeting of Creditors within which to file a proof of claim. Under Bankruptcy Rule 3004, the Chapter 13 debtor or trustee is given an additional 30 days to file a proof of claim on behalf of a negligent or forgetful creditor. Accordingly, the debtor or trustee has a total of 120 days after the first date set for the Meeting of Creditors to file a proof of claim on behalf of a creditor. In this case that 120 day period ended on or about October 1, 1987. As previously noted, Debtors did not file their motion until March 3, 1988, some five months beyond that deadline.

Bankruptcy Rule 3004, which contains the "within 30 days" language of limitation, took effect August 1, 1987, and changed the former rule by specifically limiting the period within which a debtor or trustee could file a claim on behalf of a creditor to 30 days after the 90 day period had expired. In the Order of the Supreme Court implementing the 1978 amendments to the Bankruptcy Rules, including Rule 3004, the Supreme Court instructed that these changes

shall govern all proceedings in bankruptcy cases thereafter commenced, and ...

in so far as just and practicable, all proceedings in bankruptcy cases then pending.

Prior to the addition of the "within 30 days" limiting language, jurisdictions differed as to their interpretation of the amount of time allotted for filing claims on behalf of creditors under the Bankruptcy Code. Some courts held that the debtor was limited to the 90 days that the creditors were given. *In re Brown,* 73 B.R. 740 (Bkrtcy.W.D.Wis.1987), *In re Schneider,* 51 B.R. 196 (D.Colo.1984).

Other jurisdictions held that the debtor should be given a "reasonable time" after the expiration of the 90 days provided to creditors. *In re Gurst,* 70 B.R. 467 (Bkrtcy.E.D.Pa.1987), *In re Kies,* 67 B.R. 309 (Bkrtcy.D.Nev.1986), *In re Solari,* 62 B.R. 31 (9th Cir.B.A.P.1986), *In re D.A. Behrens Enterprises, Inc.,* 33 B.R. 751 (Bkrtcy.M.D.Pa.1983), *In re Higgins,* 29 B.R. 196 (Bkrtcy.N.D.Iowa 1983), *In re Gingery,* 48 B.R. 1000 (Bkrtcy.D.Colo. 1985), *In re Allen,* 68 B.R. 523 (Bkrtcy.D. N.M.1986), *In re Eckols,* 77 B.R. 345 (Bkrtcy.D.N.H.1987), *In re Demask, Inc.,* 62 B.R. 541 (Bkrtcy.S.D.Fla.1986).

Reasonableness was determined by looking at the prejudice to other creditors and the delay to the administration of the estate, *In re D.A. Behrens Enterprises, Inc.,* 33 B.R. at 751, *In re Higgins,* 29 B.R. at 196, *In re Gingery,* 48 B.R. at 1000, *In re Allen,* 68 B.R. at 523, or the explanation for the delay, *In re Demask, Inc.,* 62 B.R. at 541, *In re Eckols,* 77 B.R. at 345.

Whether Amended Rule 3004 is applied or an analysis under the "reasonableness" standard is undertaken, this Court finds that the two pending motions must be denied.

First, Amended Bankruptcy Rule 3004 was in effect for several months during which these Debtors could have complied with its time restriction. At the very least, Amended Rule 3004 is a clear indication of the Supreme Court's interpretation of how Section 501(c) is to be implemented. Accordingly, the Debtors and their counsel are charged with notice of the Amended Rule as well as the Supreme Court's lan-

guage that the Rule may be applied to pending cases. This is just and practicable because the Kimbers had approximately two months after August 1, 1987, within which they could have timely filed their motions.

Secondly, the Debtors listed both National Home Furnishings and Lewis Furniture Company on their schedules. Hence, they were well aware of these claims well before the expiration of the time allowed for filing a proof of claim on their behalf. At the hearing on this matter the Trustee represented to the Court that as is his custom, he had advised Debtors' counsel at the June 1, 1987, First Meeting that these creditors had not yet filed their claims. Debtors' counsel explained that the delay in filing his Motions until March 3, 1988 was due to the Trustee not having filed his Motion and Order Allowing Claims until January 22, 1988. Debtor's counsel, however, does not dispute that, in fact, he was advised as early as June 1, 1987, that neither creditor had filed a proof of claim. And, as indicated by the Trustee, any time thereafter Debtors' counsel could have called his office to check whether these two creditors had filed claims.

The Court is not persuaded by the Debtors' argument that the trustee's office procedure should determine the outcome of this Motion where Bankruptcy Rule 3004 provides a specific time limitation, the Debtors listed these creditors on their Chapter 13 Schedule, Debtor's counsel was advised approximately four months before the time period under the Amended Rule had expired that the creditors had not yet filed their claims, and a routine timely telephone call to the trustee's office would have given debtors and their counsel information as to whether to file a protective claim on behalf of these two creditors.

Accordingly, IT IS THEREFORE ORDERED:

1. That the Debtors' Motion to allow protective claim for the secured portion of the claim of National Home Furnishings be and is hereby denied;

2. The Debtors' Motion to allow protective claim for the secured portion of the claim of Lewis Furniture Company, c/o Kingsway Furniture, be and hereby is denied.

3. That service of a copy of this memorandum opinion and order be made by mail upon Ervin L. Kimber and Frances S. Kimber, debtors; Edward Read Barton, Esq., attorney for said debtor; National Home Furnishings and Lewis Furniture Company, said claimants; and Joseph A. Chrystler, Trustee; at their respective post office addresses appearing of record herein.