In re John C. HUNT, Debtor.

John C. HUNT, Plaintiff,

v.

UNITED STATES of America District Director, Internal Revenue Service, Defendants.

Bankruptcy No. 182–00089.
Adv. No. 185–0080.

United States Bankruptcy Court,
D. Maine.

April 8, 1986.

John C. Hunt, Portland, Me., pro se.

Paul D. Barker, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., Timothy C. Woodcock, Asst. U.S. Atty., Bangor, Me., for United States.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

The debtor filed his Chapter 13 petition on March 23, 1982. In his Chapter 13 statement, the debtor disclosed a priority unsecured debt to the United States of America, acting through the Internal Revenue Service, ("IRS") as follows:

| | |
|---|---|
| 1979 income tax | $2,005.08 |
| 1980 income tax | $4,226.50 |
| 1981 income tax | $2,428.00 |
| 1981 4th quarter 941 tax | $ 369.93 |
| | $9,029.51 |

The meeting of creditors under 11 U.S.C. § 341 was held on May 6, 1982 and November 6, 1982 was scheduled as the last day for filing proofs of claim under Bankruptcy Rule 13–302(e). On April 29, 1982, the IRS timely filed a proof of claim in the amount of $6,585.99 for federal income taxes due for the taxable years 1979 and 1980. After notice and hearing, the Court confirmed the debtor's Chapter 13 plan on May 12, 1982, providing for payment of the IRS claim in the amount of $6,585.99, without objection by the IRS.

On September 16, 1982, the IRS filed an amended proof of claim to reflect a reduction in the tax due for 1979 as a result of payments made under the plan and to include a claim of $1,462.02 for federal income taxes due for the taxable year 1981. No interest or penalties on the income tax for 1981 were included in the amended proof of claim. On August 26, 1983, the IRS filed a seconded amended proof of claim to reflect a reduction in the tax due for 1980 as a result of payments made under the plan and to include a claim of $1,550.00 for employment taxes due for the taxable year 1981. The debtor received his discharge under 11 U.S.C. § 1328(a) on De-

cember 20, 1984 after making all payments under his Chapter 13 plan, including the $6,585.99 claim to the IRS. The IRS did not object to the Court granting the debtor his discharge.

After being issued his discharge, the debtor received several letters from the IRS claiming that the debtor was past due for his income taxes and employment taxes for the taxable year ending December 31, 1981, including interest and penalties. On August 19, 1985, the debtor filed with the Court a complaint seeking to hold the IRS in contempt for its failure to abide by this Court's Order Granting the Debtor his Discharge, to permanently enjoin the IRS from taking any further collection action, and to award him damages and expenses, including attorney fees.[1] The IRS filed its answer to the complaint on October 8, 1985. A pretrial hearing was held on October 25, 1985 and as requested by the Court, the parties filed an agreed statement of facts and memoranda of law. This Memorandum of Decision constitutes findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052 and Fed.R. Civ.P. 52(a).

■ The Court finds that the recent decision in *In re Goodwin,* 58 B.R. 75 (Bankr. D.Me.1986), is dispositive with respect to the 1981 employment taxes. The court in that case disallowed the late filing of a proof of claim by the Internal Revenue Service in a Chapter 13 case and ruled that upon completion of the plan, the claim would be discharged. In this case, the IRS filed its proof of claim for the 1981 employment taxes almost nine months after the bar date for filing proofs of claim under Bankruptcy Rule 13–302(e). The purpose of the six-month filing period is to provide the debtor with notice of the claims to be paid under the Chapter 13 plan. The IRS knew or should have known at the time of filing, or shortly thereafter, that the debtor owed certain employment taxes for the taxable year ending December 31, 1981. Even if it were true, as the IRS contends, that it was not possible to compute the amount

due within the statutory six-month filing period, the IRS, at the very least, should have sought an extension of time in which to file a proof of claim for the 1981 employment taxes. The Court therefore finds that with respect to the 1981 employment taxes, the relief sought by the debtor in his complaint filed on August 19, 1985 shall be granted and a hearing will be scheduled to determine what sanctions, damages, and expenses, if any, should be imposed upon the IRS.

■ As to the 1981 federal income taxes, the IRS filed a timely proof of claim on September 16, 1982. The confirmed plan was not amended to provide for that claim, although upon application by the Chapter 13 trustee, the plan was amended to provide for other unsecured claims that had been filed after confirmation but within the statutory six-month filing period. Had the plan been amended to reflect the claim for the 1981 income taxes, as it should have been, the debtor would have been required to pay the claim in full, in deferred cash payments, under 11 U.S.C. § 1322(a)(2). Having timely filed its proof of claim, the IRS is therefore entitled to consideration of its claim. The Court shall deny the relief sought by the debtor in his complaint filed on August 19, 1985 with respect to the 1981 income taxes, but upon proper motion by the debtor, with notice to the IRS, the Court will consider an extension of the debtor's Chapter 13 plan and the extent to which the claim of the IRS should be paid under the terms and conditions of the original plan.

Enter Order.

---

**1.** Upon the debtor's motion, this case was re-opened on August 28, 1985.