In re James A. ECKOLS, Debtor.

Bankruptcy No. 85–517.

United States Bankruptcy Court,
D. New Hampshire.

Sept. 1, 1987.

Matthew Epstein, Concord, N.H., for debtor.

Dennis Bezanson, South Portland, Me., for trustee/objecting party.

I.R.S., Manchester, N.H., for claimant.

## MEMORANDUM OPINION

JAMES E. YACOS, Bankruptcy Judge.

This matter presents for the court's determination the question of the status of a claim filed by the debtor on behalf of the Internal Revenue Service, to which the trustee has objected, and more particularly the question of whether or not the debtor's filing of said claim on behalf of the IRS was done "within a reasonable time" as that phrase has been used by courts pertaining to a debtor's filing of a proof of claim on a creditor's behalf pursuant to 11 U.S.C. § 501(c) and Bankruptcy Rule 3004. That section of the Bankruptcy Code provides as follows:

§ 501. *Filing Of Proofs Of Claims Or Interests.*

\* \* \* \* \* \*

If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim.

11 U.S.C § 501(c)

Bankruptcy Rule 3004, in its pre–1987 form as applicable to this case provided provides as follows:

## FILING OF CLAIMS BY DEBTOR OR TRUSTEE

If a creditor fails to file a proof of claim on or before the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, the debtor or trustee may do so in the name of the creditor. The clerk shall forthwith mail notice of the filing to the creditor, the debtor and the trustee. The creditor may thereafter file a proof of claim pursuant to Rule 3002 or Rule 3003, which proof when filed shall supersede the proof filed by the debtor or trustee.

## PROCEDURAL CONTEXT AND FINDINGS OF FACT

The debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on November 26, 1985. On December 4, 1985 this court sent its Order For Meeting Of Creditors And Fixing Times For Filing Objections To Discharge, Etc. to all creditors. That Order advised the creditors of this debtor's estate that there were no assets from which any dividend could be paid and therefore that it was unnecessary for them to file any proofs of claims at that time.

On January 29, 1986 the chapter 7 trustee in this case, pursuant to Bankruptcy Rule 3002(c)(5) notified the Clerk of the Court that payment of a dividend did appear possible in Mr. Eckols' case and requested that the Clerk give notice to Mr. Eckols' creditors to file their claims if they wished to share in any distribution from his bankruptcy estate. Under date of February 6, 1986, the Clerk of this Bankruptcy Court sent notice to all creditors of the Eckols' estate that if they so wished to share in the distribution from this estate, they were required to file their claims by no later than April 7, 1986. This notice was also served upon the debtor, the debtor's attorney, and the United States of America, Internal Revenue Service.

On or about November 13, 1986 the chapter 7 trustee filed his final report and accounting with this Court. On November 20, 1986 the Clerk of the Court sent another notice to creditors of Mr. Eckols' estate

purporting to fix a *second* claims bar date of January 21, 1987.

Relying on this second bar date of January 21, 1987, on that date the debtor filed a claim on behalf of the U.S. Internal Revenue Service in the amount of $15,211.00 "plus penalties and interest". It is the debtor's filing of this claim and the trustee's objection thereto which gives rise to the instant matter before the court.

The trustee filed his Objection To Allowance Of Claim with this court on April 1, 1987. In said Objection the trustee objected to the allowance of the debtor's January 21, 1987 claim on behalf of the IRS on the ground that it was not timely filed pursuant to the Court's fixing of the *initial* deadline for filing proofs of claims—April 7, 1986. On this basis, the trustee prayed that the court disallow in its entirety the claim which the debtor filed on behalf of the Internal Revenue Service in the amount of $15,211.00 "plus penalties and interest".

At the same time as the trustee filed his Objection To Allowance Of Claim he also filed a Motion To Determine That "Second" Bar Date Is Not Valid And Should Be Stricken.

The trustee's Objection To Allowance Of Claim and the trustee's Motion To Determine That "Second" Bar Date Is Not Valid And Should Be Stricken came on for hearing before this court on May 20, 1987 along with various other objections to claims made by the trustee. At that hearing the court heard both the trustee and counsel for the debtor in oral argument regarding the trustee's objection to the IRS claim filed by the debtor and regarding the trustee's motion to strike second bar date.

By order dated May 29, 1987, the court granted the trustee's Motion To Determine That "Second" Bar Date Is Not Valid And Should Be Stricken. The court specified in said order that in so ruling it was determining that *all* claims filed after the first deadline for filing claims—April 7, 1986— were thereby stricken. The court further explained however, that in so ruling it did *not* determine the status of the claim in question filed by the debtor on behalf of the IRS. Rather, the court specified that

said claim and the trustee's objection thereto remained for determination by the court upon the parties providing the court with memoranda of law regarding the meaning of "within a reasonable time" as that phrase has been used in the case law resulting from a debtor's ability to file a proof of claim on a creditor's behalf under § 501(c) and Bankruptcy Rule 3004. Thus, the Court's Order dated May 29, 1987, although granting the trustee's motion and striking the second bar date, left open the question of whether the debtor in this case had filed his proof of claim on behalf of the IRS "within a reasonable time" as measured from the first bar date—April 7, 1986.

At the May 20, 1987 hearing on the trustee's objections and motion, the trustee and counsel for the debtor stipulated that the debtor did not file his 1985 Federal Income Tax return until January of 1987. Further, the court takes judicial notice of its own record showing that no other claims were filed by the debtor on behalf of the Internal Revenue Service at any time prior to January 21, 1987.

### ISSUES

While there is little dispute by the parties as to the facts outlined above, the trustee and the debtor each set forth cogent arguments based on said facts and under the developing case law in this area—thus framing the issues for this court's determination.

The trustee's bottom line position is that the nine month delay between the initial bar date of April 7, 1986 and the debtor's filing of his claim on behalf of the IRS on January 21, 1987, is *not a reasonable* time delay. The trustee therefore prays that the claim which the debtor submitted on behalf of the Internal Revenue Service be disallowed in its entirety as untimely filed.

More specifically, the trustee's position that the claim filed by the debtor on behalf of the Internal Revenue Service was not filed within a reasonable time after the bar date of April 7, 1986 is premised upon the argument that, even if there is no prejudice to creditors in this court's allowing the

debtor to late file a claim on behalf of the IRS, the debtor must have exercised due diligence in preparing his 1985 Federal Income Tax return and in filing the claim on behalf of the IRS. The trustee argues that Mr. Eckols did not exercise such diligence in the instant matter. Further, the trustee argues that the debtor could have avoided any late filing objection by filing prior to April 7, 1986, a contingent claim on behalf of the IRS showing the amount as undetermined if he had not been able to complete his tax return by that time. Finally, the trustee argues that debtor filed his proof of claim for the IRS *nine months* after the April 1986 bar date and that it would not be equitable for this court to allow such a late filing in light of the strictness with which bar dates are enforced against *creditors*.

The debtor's position that this court should deny the trustee's objection and accept his proof of claim on behalf of the IRS, is premised upon a number of subsidiary arguments. First of all, the debtor argues, in essence, that he had adequate justification for filing his claim on behalf of the IRS when he filed it. The debtor points to the facts that his business had gone under during the year in question, that he was involved in a divorce and in a custody battle regarding his two small children, and that during that period of time he developed an eye problem which prevented him from flying airplanes. His previous occupation had been as an airline pilot.

Further, the debtor relies upon the argument that the tax complexities attendant to the business failure, the divorce, and his new disability made the determination of his Federal Income Tax liability for 1985 difficult and expensive. The debtor claims that he was unaware of his tax obligation at the time of the first bar date in April, 1986 and that any delays were not the result of dilatory actions on his part but rather that he acted as quickly as he could.

The debtor also makes the argument that although his claim on behalf of the IRS was actually filed on January 21, 1987 it should be deemed to have been filed on November 20, 1986—the date on which the

Clerk of Court sent the erroneous notice of the second bar date of January 21, 1987. Such a determination would have the effect of making the debtor's filing of his proof of claim on behalf of the IRS to be only seven and one-half months after the April 7, 1986 first bar date rather than nine months after said first bar date.

The debtor further maintains that the Congressional intent behind § 501(c) of the Bankruptcy Code favors allowance of the debtor's claim in the instant matter.

Both the trustee and the debtor have provided this court with citations to and a discussion of, the relevant case law in support of their respective positions.

## CONCLUSIONS

■ Although some courts have held that § 501(c) requires the alternative claim by the debtor to be filed *before* the expiration of the statutory claims deadline, I believe the better view is the position taken by those courts that have ruled that the debtor has a "reasonable time" after the expiration of the statutory deadline within which to file such alternative claim. See, e.g., *In re Gurst*, 70 B.R. 467 (Bankr.E.D. Pa.1987); *In re Solari*, 62 B.R. 31 (Bk'y App.Panel 9th Cir.1986); *In re Starkey*, 49 B.R. 984 (Bankr.D.Co.1984). It is logical that Congress would have intended the debtor to have some time after the statutory deadline within which to file the alternative claim, since prior to that deadline the debtor cannot know whether a claim by the direct claimant will or will not in fact be filed.

■ This view, taken in the above-cited cases, is now confirmed by the recent amendment to Bankruptcy Rule 3004 which explicitly provides that the debtor may file such claim in the name of the creditor, within thirty days after expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable.[1]

■ To this extent I agree with the debtor's position in the present case. I do not

agree, however, with the debtor's further position to the effect that the lack of actual prejudice to the creditors and the estate is a relevant factor in this context. I realize that some cases have so held but I think the better rule is expressed to the contrary in those cases holding that the proper focus is upon the reasons for delay given by the debtor in determining whether the filing occurred within the "reasonable time" gloss read into the statute by the caselaw. *In re Gurst*, supra, at P. 470; *In re Solari*, supra, at p. 32; *In re Starkey*, supra, at p. 989.

While this approach may seem harsh on its face, it is consistent with the underlying rationale for quite strict deadlines for claim-filing activities in bankruptcy cases, i.e., a prompt determination of those creditors entitled to share in any distribution from the bankruptcy estate without excessive administrative time and expense in determining whether a particular creditor is entitled to share in the distribution. See, e.g., *In re Pigott*, 684 F.2d 239 (3rd Cir. 1982) (dealing with comparable provisions of prior Bankruptcy Act); *In re International Horizons, Inc.*, 751 F.2d 1213 (11th Cir.1985); *In re Westgate-California Corp.*, 621 F.2d 983 (9th Cir.1980); *In re W.T. Grant Company*, 53 B.R. 417 (Bankr. S.D.N.Y.1985); *In re Hunt*, 59 B.R. 718 (Bankr.D.Me.); *In re Owens*, 67 B.R. 418 (Bankr.E.D.Pa.1987).

As is pointed out in the *W.T. Grant* decision above, claims deadlines in bankruptcy proceedings are essentially statutes of limitation and must be enforced without "bending" the same under equitable considerations. It is essential that the claims be quantified promptly to avoid delays in distribution to creditors. It is likewise important to avoid unnecessary expenditure of estate funds by embroiling trustees in extended litigation to determine the equitable arguments put forth by those parties in interest who could have avoided the issue entirely by simply complying with court orders and statutory requirements. Cf. *In re J.L. Graphics, Inc.*, 62 B.R. 750 (Bk'y

1. Amended Rule 3004 took effect August 1, 1987 and has no direct application to the present

case.

D.N.H.1986), affirmed *sub. nom. In re Cross Baking Co., Inc.*, 818 F.2d 1027 (1st Cir.1987).

In the present case the debtor could easily have filed a one-page contingent proof of claim at or shortly after the April 7, 1986 deadline for filing proofs of claim. Instead, the debtor waited some nine months, i.e., until January 21, 1987, to file the alternative proof of claim on behalf of the Internal Revenue Service under § 501(c) of the Bankruptcy Code. Even assuming the debtor is correct in arguing that he could rely upon the erroneous November 1987 deadline notice, the fact remains that even to that date a period of some seven and one-half months had expired.

No reported decision to date has held that a period of delay of such extent is "reasonable" under § 501(c) of the Code. The debtor's other arguments, in terms of his financial troubles and marital problems, likewise do not add up to sufficient reasons for delay to lead this court to determine that his filing of the IRS claim was within a reasonable period. The court must bear in mind that such problems are common to many persons, including creditors in various bankruptcy estates, and it would open up a "pandora's box" to accept such explanations as justification for opening up bankruptcy claim deadlines. It would be anomalous to permit the debtor in this instance such extended delay in filing a claim when this court regularly disallows claims filed by creditors because they are one or two days beyond the claims deadline established. The litigation in the present case has already caused a substantial delay in distribution to creditors.

Accordingly, I conclude that the proof of claim filed by the debtor in this on January 21, 1987, on behalf of the Internal Revenue Service, was not filed within a reasonable time after expiration of the April 7, 1986 claims deadline, and that the same should be stricken from the claims entitled to distribution in this bankruptcy estate. A separate order to that effect shall be entered.