51 F.3d 271
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Otis Gene BOGGS; Susannah P. Boggs, Plaintiffs-Appellees
v.
SOMERVILLE BANK & TRUST COMPANY, Defendants-Appellants
 No. 94-5079.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1995.
 
 Before: MERRITT, Chief Judge; BATCHELDER, Circuit Judge; and BERTELSMAN, District Judge*
 MERRITT, Chief Judge.
 
 
 1
 In this case which arises under Chapter 13 of the Bankruptcy Code, the Somerville Bank & Trust Company contends that the debtors, the Boggses, did not pay off the interest on a loan secured by a mortgage on their principal residence as the bank contends they were required to do by 11 U.S.C. Sec. 1322(b)(2). Yet the bank concedes that it did not raise the issue until after the Bankruptcy Court issued its discharged order covering this indebtedness. Then the bank, instead of petitioning the Bankruptcy Court to reconsider its discharge order, simply attempted to collect the debt as though there had been no discharge. The debtors then came into Bankruptcy Court to reestablish the validity and effectiveness of the previous order of the Bankruptcy Court discharging the underlying principal indebtedness to the bank.
 
 
 2
 The Bankruptcy Court issued an opinion which holds that the debt was erroneously scheduled for discharge and should have been scheduled under 11 U.S.C. Sec. 1322(b)(5) for a long-term payment.
 
 
 3
 The problem with the bank's argument and with the Bankruptcy Court's opinion, as the District Court quite clearly points out, is that the debt was in fact discharged. By failing to raise the question before the Bankruptcy Court in the original proceeding, the bank through its apparent negligence allowed a judgment to be entered which clearly discharges this indebtedness. By failing to raise the issue in the original proceedings it failed to preserve its right to appeal the judgment and did not in fact appeal the judgment of discharge. See Taylor v. Freeland & Kronz, 112 S.Ct. 1644, 1647-48 (1992); In re Rothman, 76 B.R. 38 (Bankr.E.D.N.Y.1987).
 
 
 4
 Alternatively, the bank argues that the debt was never included in the Chapter 13 Plan, and therefore exempt from discharge. But, the Bankruptcy Court made a factual finding that all three loans the bank made to the Boggses were included in the plan. (J.A. at 20). We defer to the factual findings of the Bankruptcy Court because they are not clearly erroneous. In re Caldwell, 851 F.2d 852, 857 (6th Cir.1988). The one sum listed as owed to the bank precisely equals the outstanding principal balances of the loans due to bank.
 
 
 5
 The debt, therefore, falls into none of the categories of debts which are not subject to discharge, and the bank should not have attempted to collect the claimed indebtedness after the discharge order became final. To do so is a clear violation of the purpose and the language of the bankruptcy code providing for a fresh start for debtors. The District Court was correct in its holding that the bank had waived and forfeited its rights under 11 U.S.C. Secs. 1322(b)(2) and (5). For these reasons and the reasons further set out and more fully explained in the opinion of the District Court, the judgment of the District Court is AFFIRMED.
 
 
 
 *
 The Honorable William O. Bertelsman, Chief Judge of the United States District Court for the Eastern District of Kentucky, sitting by designation